UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| WILLIAM W. HAMILTON,<br><br>Plaintiff,<br><br>v.<br><br>CITY OF OLYMPIA; RICH ALLEN and JANE DOE ALLEN, and the marital community thereof; PAUL BAKALA and STACI BAKALA, and the marital community thereof; DON HEINZE and JANE DOE HEINZE, and the marital community thereof; BOB KRASNICAN and JANE DOE KRASNICAN, and the marital community thereof; CLIFF MAYNARD and JANE DOE MAYNARD, and the marital community thereof; and MICHAEL O'NEILL and DIANE O'NEILL, and the marital community thereof,<br><br>Defendants. | Case No. C08-5315RJB<br><br>ORDER GRANTING, IN PART, and DENYING, IN PART, PLAINTIFF'S MOTION FOR ORDER COMPELLING DISCOVERY |

This matter comes before the Court on the Plaintiff's Motion for Order Compelling Discovery. Dkt. 25. The Court has considered the pleadings filed in support of and in opposition to the motion, and the remainder of the file herein.

## I.    **FACTS**

This suit arises from several political demonstrations occurring in November of 2007. Dkt. 1. Plaintiff alleges in his Amended Complaint that while participating in a political demonstration on November 10, 2007, Defendant police officers Krasnican, Maynard, and O'Neill sprayed him with pepper spray at close range. Dkt. 19, at 3. Plaintiff alleges that on November 11, 2007, he again participated in a political demonstration. *Id.* He alleges that during the demonstration on the 11th, "[w]ithout warning and

ORDER
Page - 1

without provocation, Defendants Allen and Bakala repeatedly clubbed Plaintiff Hamilton with batons while he stood on the sidewalk." *Id.*, at 4. He alleges that during that same demonstration, "[w]ithout warning and without provocation, the Defendants Heinze and O'Neill repeatedly shot Plaintiff directly with pepper bullets while he stood on the sidewalk." *Id.* Plaintiff claims his constitutional rights were violated, that the Defendants were negligent and committed battery. *Id.*

Defendants have filed a motion to consolidate this case with *Mosqueda v. John Doe, et al.*, *Western District of Washington* case number C08-5366-RJB, which is noted for consideration on July 10, 2009. Dkt. 28. Mr. Mosqueda also alleges he sustained injuries as a result of the use of force by Olympia Police Officers during the November 2007, political demonstrations. Dkt. 1, *Mosqueda*, *Western District of Washington* case number C08-5366-RJB. Parties are represented by the same counsel in both cases, and have agreed that discovery in each case will apply to the other case. Dkt. 10, *Mosqueda*, *Western District of Washington* case number C08-5366-RJB; and Dkt. 9, in the instant case.

Plaintiff in the instant case now moves for an order compelling discovery and seeks attorney's fees and costs as a result of having to file the motion. Dkt. 25. Plaintiff argues that the individually named Defendants should answer Interrogatory #1 as to all incidents in which they used force on November 10 and 11, 2007, and not limit their answer to the incidents involving Plaintiffs Hamilton and Mosqueda. *Id.* Interrogatory #1, which contains several sub-parts, appears in Section II. B. 1. of this opinion. Plaintiff argues that the individual Defendants' response "see my report and video of the incident" to portions of Interrogatory #1 is inadequate. *Id.* Plaintiff also seeks an order compelling Defendant Maynard to fully answer Interrogatory #2. *Id.* Defendants oppose the motion arguing that the parties did not confer regarding the discovery at issue, and, in any event, their answers were complete. Dkt. 26.

## II. DISCUSSION

### A. CONFER IN GOOD FAITH

Fed. R. Civ. P. 37 (a)(1) provides:

> On notice to other parties and all affected persons, a party may move for an order compelling disclosure or discovery. The motion must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action.

Plaintiff states that the parties conferred via email about the discovery at issue in this motion. Dkt. 25-4, at 1. Defendants argue that the Court should not consider this motion because Plaintiffs failed to

provide the emails. Dkt. 26. Defendants state that there was no "meet and confer." Dkt. 26, at 2.

Western District of Washington Fed. R. Civ. P. 37(a)(1)(A) provides that "[a] good faith effort to confer with a party or person not making a disclosure or discovery requires a face-to-face meeting or telephone conference."

The parties' email exchange does not strictly comply with the requirements of Fed. R. Civ. P. 37(a)(1). However, in an effort to resolve the issues in a timely manner, and for purposes of this motion alone, the Court will consider the motion. The email exchange (in the record at Dkt. 26-3) does discuss the issues raised: whether the individual defendants would answer Interrogatory #1 as to all incidents involving the use of force on November 10 and 11, 2007 or whether the answers would be limited to the incidents only involving Plaintiffs Hamilton and Mosqueda. Dkt. 26-3. Plaintiffs' counsel raised the issue of whether "see my report . . . " was an adequate partial answer to Interrogatory #1. Dkt. 26-3, at 6. Defendant Maynard's response to Interrogatory #2 was also discussed. Dkt. 26-3. Accordingly, this opinion will rule on the discovery issues raised in the motion.

**B.     DEFENDANTS' COMMON RESPONSES TO INTERROGATORY #1**

Fed. R. Civ. P. 26 (b)(1) provides that,

> Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense--including the existence, description, nature, custody, condition, and location of any documents or other tangible things and the identity and location of persons who know of any discoverable matter. For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence. All discovery is subject to the limitations imposed by Rule 26(b)(2)(c).

Fed. R. Civ. P. 33 (b) (3) provides, "[e]ach interrogatory must, to the extent it is not objected to, be answered separately and fully in writing under oath."

   1.   *Objection Asserted By All Defendants*

Plaintiff states that each of the individual Defendants were asked the same questions in Interrogatory #1, which read as follows:

> Please describe in detail all instances on which you used force on November 10 and 11, 2007, including the names, addresses and clothing of any specific witnesses to each instance; what was generally going on at the time of each instance; what you were wearing at the time of each instance; what equipment you were carrying at the time of each instance; the identity of the supervisor to whom each instance was reported; the identity or description of each person upon whom you used force; the actions or conduct of each

> person upon whom you used force just prior to your application of force; what force tools or weapons you used in each instance; whether each person upon whom you used force sustained an obvious injury; whether each person upon whom you used force complained of injury; whether you or another person summoned medical assistance after each instance; whether you created written reports detailing any instance; and whether another person created written reports detailing any instance.

Dkt. 2, at 25. Plaintiff did not provide each Defendants' answer for the Court's review. Plaintiff does state that the Defendants' answers all began with the same paragraph, which read as follows: "[o]bjection to the form of the question in that it is beyond the scope of discovery. Without waiving said objection, defendant [individual Defendant's name] will answer with respect to the three incidents alleged in the Hamilton and Mosqueda complaints and the Marine Drive barricade incident that preceded them." *Id.* Plaintiffs argue that this initial paragraph is incomplete and/or evasive because it limits the officers' responses. *Id.* Plaintiff points out that he has a § 1983 claim against the City of Olympia. *Id.* He argues that "[a] description of instances on which each individual Defendant police officer used force on November 10 and 11, 2007 tends to make the existence of such an officially adopted and promulgated decision regarding the appropriate use of force more probable." *Id.*

Defendants provided a copy of Defendant Maynard's Answers and Responses to Plaintiff's 1st Demand for Discovery. Dkt. 26-2. After providing the overall objection complained of by Plaintiff, Defendant Maynard breaks the question down into several subparts and provides answers including a list of witnesses for the "Marine Drive barricade incident of November 10, 2007," and the "Main Gate barricade incident, November 10, 2007." Dkt. 26-2, at 2-5. Defendant Maynard's answers indicate that he was not involved in the "Fourth Avenue and Plum Street incident involving Plaintiff Mosqueda" or the "Franklin and Market Street intersection incident involving Plaintiff Hamilton, November 11, 2007." Dkt. 26-2, at 5.

Plaintiff's motion for an order compelling each of the individually named Defendants to more fully answer Interrogatory #1 should be granted. The Court notes that Plaintiff failed to file a copy of each of the Defendants' responses with his motion. However, the other Defendants do not dispute that they also answered the question only as it pertained to the incidents involving Plaintiffs Hamilton and Mosqueda. Plaintiff has generally made a showing that the information sought may be relevant to the claim for municipal liability. Accordingly, the motion for an order to compel answers to Interrogatory #1 on all incidents in which force was used on November 10 and 11, 2007 should be granted.

2. *Answer "See My Report And Video of the Incident"*

Plaintiff also object to Defendants Allen, Heinze, Krasnican, Maynard, and O'Neill's answer to a portion of Interrogatory #1, by stating "[s]ee my report and video of the incident" *Id.,* at 3. Plaintiff complains that the appended reports were not signed under oath. *Id.*

Plaintiff's motion to compel further answers to Interrogatory #1 based upon this response should be denied. Plaintiff does not dispute that the answers and responses are signed under oath, and the Court deems that answer to have the effect of swearing to the truth of the contents of the report. Plaintiff makes no showing that Defendants' response was inadequate.

**C. MAYNARD'S ANSWER TO INTERROGATORY #2**

Plaintiff argues that Defendant Maynard's answer to Interrogatory #2 was incomplete. Dkt. 25. Interrogatory #2 reads: "Please describe in detail any training regarding the use of force generally, and the use of oleoresin capsicum spray in particular, including the dates and hours of each training; the identity of the instructor or instructors; and the training title." Dkt. 25, at 3. Defendant Maynard answered:

> For general use of force training, see my Employee Education Sheet, OPD 182-189, attached. Training that I can identify as related to my use of OC-10 and/or pepper ball in these incidents is marked on my Employee Education Sheet. In addition, I have been an instructor in chemical agents, including CO-10, since 2003 and in pepper ball since 2001. The scope of my training and my experience as an instructor are better described in a deposition.

Dkt 26-2, at 6. Plaintiff object to the portion of his answer which reads: "[t]he scope of my training and my experience as an instructor are better described in a deposition." *Id.* Defendants' counsel states that Defendant Maynard's training materials (around 5 inches worth) were inspected by Plaintiffs' counsel after the motion was filed. Dkt. 26. He argues that for Defendant Maynard to recount these records in an interrogatory answer would be a fruitless and duplicating exercise. *Id.,* at 5.

Plaintiff's motion for an order compelling Defendant Maynard to further answer Interrogatory #2 should be denied. Plaintiff makes no showing that a further answer is required.

**D. ATTORNEY'S FEES**

Fed. R. Civ. P. 37(a)(5)(C):

> If the Motion Is Granted in Part and Denied in Part. If the motion is granted in part and denied in part, the court may issue any protective order authorized under Rule 26(c) and may, after giving an opportunity to be heard, apportion the reasonable expenses for the motion.

Plaintiff's motion for attorney's fees as a result of having to bring this motion should be denied. This motion to compel was granted, in part, and denied, in part, so both parties should pay their own expenses. All of the issues addressed above could have, and should have, been resolved by counsel without court involvement.

### III. ORDER

Therefore, it is hereby, **ORDERED** that:

- The Plaintiff's Motion for an Order Compelling Discovery (Dkt. 25) is
  - **GRANTED, IN PART**: the individually named Defendants' **SHALL** answer to Interrogatory #1 as to all instances involving use of force on November 10 and 11, 2007 by **July 17, 2009**; and
  - **DENIED, IN ALL OTHER RESPECTS**;
- Plaintiff's motion for attorneys' fees (Dkt. 25) is **DENIED**;
- The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing *pro se* at said party's last known address.

DATED this 6th day of July, 2009.

Robert J Bryan
United States District Judge